UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CALVIN GIBSON,

                Plaintiff,                              JURY TRIAL DEMANDED

 - vs –

UNITED STATES OF AMERICA,

                Defendant.
_____

## **COMPLAINT**

      Plaintiff, CALVIN GIBSON, sues the United States of America for the reasons set forth below:

      1.      This an action brought forth under the Federal Tort Claims Act for person injury arising out of the negligent or wrongful acts or omissions of employees, agents, apparent agents, servants or representatives of the United States Government while acting within the course and scope of their employment, agency, apparent, agency, servitude, or representative capacity, under circumstances where the United States of America, if a private person, would be liable to the Plaintiff under the laws of the State of New York; where the acts or omissions occurred. 28 U.S.C. § 1346(b).

      2.      Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 2671, *et seq.*

      3.      On August 10, 2017, plaintiff filed his administrative claim based on the facts alleged herein with the appropriate federal agency- The United States Department of Veterans Affairs- for damages arising out of the personal injury sustained by Calvin Gibson based on the negligence of

United States Government employees, agents, apparent agents, servants or representatives, practicing in the course and scope of their employment at the Buffalo VA Hospital.

4. Such claims were presented as required by 28 U.S.C. § 2675. A copy of the administrative claim is attached hereto as Exhibit "A".

5. The United States Department of Veterans Affairs acknowledged receipt of the aforementioned claim on August 25, 2017. A copy of the correspondence from the Department of Veterans Affairs is attached hereto as Exhibit "B".

6. That at least six (6) months have elapsed since the acknowledgement of the claim and Defendant United States of America has neglected or refused to make payment thereof. Accordingly, all conditions precedent to bringing this action have occurred, have been waived, or have been otherwise satisfied.

7. At all times material to this complaint, Plaintiff Calvin Gibson was a permanent resident of the United States of America, residing in Erie County, New York.

8. Plaintiff presently resides in Erie County, New York. Accordingly, venue is proper in the United States District Court for the Western District of New York pursuant to 28 U.S.C. § 1402(b).

9. At all times material to this complaint, VA Western New York Health Care System has been a facility funded by the United States of America, Department of Veteran Affairs.

10. At all times material to this complaint, Defendant United States of America was the employer of certain maintenance personnel who performed maintenance work while Plaintiff Calvin Gibson sought care and services at the VA Western New York Health Care System, Buffalo, New York.

11. All of those individuals were acting within the course and scope of their employment

relationship with the United States of America and in furtherance of its interests. Accordingly, Defendant is legally responsible for their acts and omissions under the Federal Tort Claims Act.

## FACTS GIVING RISE TO ALL CAUSES OF ACTION

12. On or about June 1, 2017, Plaintiff Calvin Gibson was at the VA Western New York Health Care System, Buffalo, New York, waiting to be discharged. A maintenance worker was in the adjacent room doing work and banging on the wall. That banging caused a clock mounted on the wall in Plaintiff Calvin Gibson's room to fall and strike his left elbow/arm causing serious injury to his left elbow and left hand.

## COUNT 1
## CLAIM FOR NEGLIGENCE

13. Plaintiff adopts and re-alleges paragraphs one through twelve (1-12) above as if set forth herein.

14. Defendant, by and through its agents, apparent agents, employees, servants, representatives, and contractors, had undertaken a duty to provide care and maintain a safe environment to Plaintiff Calvin Gibson with that level of care and a safe environment that is recognized as acceptable and appropriate by reasonable prudent similar health care providers.

15. Notwithstanding the duty undertaken by defendant, it breached its duty to Plaintiff Calvin Gibson by engaging in the following acts or omissions, all of which deviated from and fell below the accepted standards of care and safe environment:

    a. defendant was reckless and/or negligent in failing to properly maintain the subject premises in a reasonable safe condition;

  b.  defendant was reckless and/or in failing to inspect said premises;

  c.  defendant was reckless and/or negligent in creating a hazardous condition;

  d.  defendant was reckless and/or negligent in failing to supervise their employees, agents and/or servants; and

  e.  defendant was reckless and/or negligent in failing to take the appropriate measures in regard to plaintiff's safety.

16. Defendant knew or should have known that failing to meet its duties as itemized above would result in damages to the plaintiff.

17. As a direct and proximate result of defendant's acts or omissions set forth above, Plaintiff Calvin Gibson has in the past suffered and will continue to suffer serious, painful and permanent injuries in and about his left elbow and left hand.

**WHEREFORE,** Plaintiff Calvin Gibson demands judgment against Defendant for compensatory damages in the amount of One Million Dollars ($1,000,000.00), costs of this action, interest, reasonable attorney's fees, and such further relief as this court deems just and proper.

DATED: Buffalo, New York
     June 1, 2018

           Yours, etc.,

         By: /S/ Robert J. Maranto, Jr.
            Robert J. Maranto, Jr., Esq.
            ANDREWS, BERNSTEIN, MARANTO
            & NICOTRA, PLLC
            *Attorneys for Plaintiff*
            Office and Post Office Address
            420 Franklin Street
            Buffalo, New York 14202
            Telephone:  (716) 842-2200